UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| USA, | CASE NO. CR15-211-MJP |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANT CARTER'S MOTION FOR ACQUITTAL AS TO COUNT 3 OF THE INDICTMENT |
| v. | |
| DERRICK LOUIS CARTER, | |
| Defendant. | |

THIS MATTER comes before the Court on Defendant Derrick Louis Carter's Renewed Motion for Judgment of Acquittal and Supporting Memorandum. (Dkt. No. 195.) Having considered the Parties' briefing and all related papers, the Court GRANTS the Motion.

**Background**

Defendant Derrick Carter and Defendant John Brown were tried by jury on one count of conspiracy to distribute cocaine, one count of possession of cocaine with intent to distribute, and one count of possession of a firearm in furtherance of a drug trafficking crime. Trial commenced on June 27, 2016. After the government rested, Defendant Carter orally moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29 as to count three, possession of a

firearm in furtherance of a drug trafficking crime. The Court reserved its ruling until the Parties were able to apprise the Court about the standard to be applied and the effect of <u>Rosemond v. United States</u>, 134 S. Ct. 1240 (2014), on both accomplice and co-conspirator liability. At the conclusion of all of the evidence but before submission to the jury, the Court denied the motion for judgment of acquittal, but declined to instruct the jury on accomplice liability for Mr. Carter with respect to count three.

On July 25, 2016, after about a day and a half of deliberations, the jury returned guilty verdicts as to both Defendants on counts one and two. The jury failed to reach a verdict as to count three for either Defendant, declaring itself deadlocked. The Court then declared a mistrial as to count three and discharged the jury.

**Discussion**

I.  Legal Standard

To evaluate a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, the Court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>United States v. Nevils</u>, 598 F.3d 1158, 1163-64 (9th Cir. 2010). This is a two-step inquiry. First, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution. <u>Id.</u> In so doing, the court "may not usurp the role of the finder of fact by considering how it would have resolved the conflicts, made the inferences, or considered the evidence at trial." <u>Id.</u> Second, after viewing the evidence in the light most favorable to the prosecution, the reviewing court must determine whether this evidence, so viewed, is adequate to allow "any rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt." <u>Id.</u> (quoting <u>Jackson v. Virginia</u>, 443 U.S.

ORDER GRANTING DEFENDANT CARTER'S
MOTION FOR ACQUITTAL AS TO COUNT 3 OF
THE INDICTMENT- 2

307, 319 (1979)). At the second step, a court must not ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt, but only whether "any" rational trier of fact could have made that finding. Id. Accordingly, the Court must only grant Mr. Carter's motion "if the evidence of innocence, or lack of evidence of guilt, is such that all rational fact finders would have to conclude that the evidence of guilt fails to establish every element of the crime beyond a reasonable doubt." Id.

II. Defendant Carter's Motion

Defendant Carter was charged in count three with violation of 18 U.S.C. § 924(c). The elements of the offense are that (1) the defendant committed a drug trafficking crime, (2) the defendant knowingly possessed a firearm, and (3) the defendant possessed that firearm in furtherance of the drug trafficking crime he committed. See Ninth Circuit Model Jury Instruction 8.72. The Court instructed the jury, at the government's request, that it could also convict Mr. Carter of count three under co-conspirator liability, also known as Pinkerton v. United States, 328 U.S. 640 (1946), liability. Under co-conspirator liability, where a conspiracy exists, the act of one co-conspirator is attributable to all co-conspirators if that act was in furtherance of the conspiracy, fell within the scope of the conspiracy, and "could reasonably have been foreseen to be a necessary or natural consequence" of the conspiracy, even if the co-conspirators are in fact unaware of the act. United States v. Bingham, 653 F.3d 983, 997 (9th Cir. 2011).

Viewing the evidence in the light most favorable to the prosecution, the Court finds that no rational trier of fact could conclude that the elements of possession of a firearm in furtherance of a drug trafficking crime are met beyond a reasonable doubt because, first, no rational trier of fact could conclude that Mr. Carter himself directly or constructively possessed the Maadi Cadet

1 pistol charged in the indictment. There is simply no evidence directly linking Mr. Carter to the Maadi Cadet 1, which was recovered in the forest in Canada. There were no fingerprints or DNA on the gun, which was found in a different country than Mr. Carter. Although the gun was found in the vicinity of a cell phone belonging to co-conspirator Peale and the backpacks with cocaine, the wooded area is known to be frequented by smugglers illegally crossing the United States-Canada border. No witness reported seeing anyone in possession of the Maadi, specifically, and no witness reported seeing Mr. Carter with any firearm, Maadi or otherwise. No witness reported that Mr. Carter ever spoke about a firearm, or was present when firearms were discussed. In sum, the Court finds that no rationale trier of fact could have concluded that Mr. Carter himself directly or constructively possessed the firearm charged in the indictment.

The government argues that a rational trier of fact could have found all of the essential elements to establish co-conspirator liability for count three because, based on the testimony of DEA Special Agent Errin Jewell, the use of a firearm was reasonably foreseeable as a natural consequence of an international drug smuggle involving twenty-nine kilos of cocaine. (Dkt. No. 196.) Defendant Carter argues that Agent Jewell's testimony regarding the general modus operandi of drug dealers is insufficient to establish that use of a firearm was reasonably foreseeable as a necessary or natural component of Mr. Carter's agreement to help his brother Mr. Brown smuggle cocaine a short distance across the border to deliver it to people his brother knew just north of the border. (Dkt. No. 195.) Defendant Carter also argues there is insufficient evidence to tie anyone in the smuggling conspiracy to the Maadi Cadet 1 charged, specifically. (Id.)

Having considered the evidence in the light most favorable the prosecution, the Court finds that no rational trier of fact could find that all of the elements necessary to establish co-

conspirator liability are met beyond a reasonable doubt, and therefore the Court GRANTS Mr. Carter's Motion for Judgment of Acquittal. Specifically, the Court finds that no rational trier of fact could conclude that (1) someone in the conspiracy possessed the Maadi Cadet 1 firearm charged, and (2) possession of a firearm fell within the scope of the conspiracy and could reasonably have been foreseen to be a necessary or natural consequence of the conspiracy.

First, the Court finds that, viewing the evidence in the light most favorable to the prosecution, there is insufficient evidence to establish beyond a reasonable doubt that someone in the conspiracy possessed the Maadi Cadet 1 pistol charged in the indictment. The pistol was found in the woods under light leaf cover fourteen hours after co-conspirators Peal and Provo were arrested, and did not have any fingerprints on it. In other words, the gun was not under the dominion or control of any member of the conspiracy—including Peal, Provo, and Brown—when it was found. It was found in a wooded area frequented by smugglers, and appeared to be rusted as a result of either long exposure to the elements or lack of proper upkeep. No witness's testimony links Brown, Provo, or Peal to the Maadi specifically. Mr. Brown testified that he was aware of a different firearm, and the testimony of other witnesses also referenced a different firearm. At least one other firearm was found in the same wooded area. Even viewing the evidence in the light most favorable to the prosecution, the government has failed to put forward sufficient evidence for a rational fact finder to conclude beyond a reasonable doubt that the Maadi Cadet 1, specifically, was constructively possessed by anyone involved in the conspiracy.

Second, even if there were sufficient evidence to allow a rational trier of fact to conclude that someone in the conspiracy possessed the Maadi Cadet 1, the Court concludes that no rational trier of fact could find that possession of a firearm fell within the scope of the conspiracy and could reasonably have been foreseen to be a necessary or natural consequence of the agreement.

Mr. Carter agreed to help his brother smuggle cocaine a short distance over the border—knowing that his brother had made frequent illegal border crossings over the previous years to both smuggle goods and to visit friends and family in Canada—to deliver the cocaine to someone his brother knew. Viewing the evidence in the light most favorable to the prosecution, including the testimony of Agent Jewell, there is insufficient evidence for a rational fact finder to conclude beyond a reasonable doubt that possession of any firearm was reasonably foreseeable as a "necessary or natural consequence" of an agreement to help one's brother smuggle drugs a short distance across the border through a familiar area.

The government relies on United States v. Johnson, 886 F.2d 1120 (9th Cir. 1989) for the proposition that "it is reasonable to assume that a weapon of some kind would be carried" during a drug transaction, especially where a large quantity of drugs is involved. 886 F.2d at 1123, see also United States v. Douglass, 780 F.2d 1472, 1476 (9th Cir. 1986). But the reach of that proposition has been limited by the Ninth Circuit, see United States v. Castaneda, 9 F.3d 761, 766-767 (9th Cir. 1993), and the facts here are easily distinguishable. Mr. Carter was not involved in a "fixed-location retail operation, selling small daily amounts of drugs to dozens of unstable, volatile, desperate street junkies." Castaneda, 9 F.3d at 766–67. Rather, he agreed to help his brother move drugs to the Canadian border and then across the border so that his brother could deliver those drugs to people he knew on the other side. Even with Agent Jewell's testimony that guns are often involved in large drug deals, no rational trier of fact could conclude that possession of a firearm was reasonably foreseeable as a "necessary or natural consequence" of the scope of the agreement entered into by Mr. Carter.

**Conclusion**

In sum, the Court finds that, having viewed the evidence in the light most favorable to the prosecution, no rational trier of fact could conclude that the elements of possession of a firearm in furtherance of a drug trafficking crime are met beyond a reasonable doubt as to Mr. Carter, whether directly or via co-conspirator liability. Accordingly, the Court GRANTS Mr. Carter's Motion for Judgment of Acquittal. Count three of the indictment as to Mr. Carter is DISMISSED with prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 29th day of August, 2016.

Marsha J. Pechman
United States District Judge