UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>DERRICK CARTER,<br><br>　　　　　　　Defendant. | CASE NO. CR15-211 MJP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1) |

The above-entitled Court, having received and reviewed:

1. Defendant's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) (Dkt. No. 332),

2. The Government's Response to Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) (Dkt. No. 341),

3. Defendant's Reply to the Government's Response to Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) (Dkt. No. 344), all attached declarations and exhibits, the Memorandum prepared by the United States

1     Probation and Pretrial Services (Dkt. No. 339), and relevant portions of the record,

2     hereby GRANTS the Motion as follows:

3     After a jury trial, Defendant Derrick Carter was found guilty of Conspiracy to Distribute

4 Cocaine and Possession of Cocaine with Intent to Distribute. On December 5, 2016, the Court

5 sentenced Defendant to 120 months' custody and five years' supervised release. Defendant is

6 currently incarcerated at the Federal Correctional Institution, Sheridan, with a release date of

7 December 17, 2023.

8     While a judgment of conviction in a criminal matter constitutes a final judgment, it may

9 be modified in certain circumstances. Dillon v. United States, 560 U.S. 817, 825 (2010).

10 Relevant to this matter, a court may modify a term of imprisonment pursuant to 18 U.S.C.

11 § 3582(C)(1) if three conditions are met:

12     (1) The inmate must have exhausted administrative review of the failure of the Bureau of

13     Prisons to reduce on its own initiative, or waited until a lapse of 30 days after the

14     request was made to the warden of his or her facility (whichever is earlier);

15     (2) The inmate has presented extraordinary and compelling reasons for the reduction;

16     and;

17     (3) The reduction must be consistent with the Sentencing Commission's policy statement

18     found at USSG § 1B1.13.

19 18 U.S.C § 3582(c)(1)(A). To meet the Sentencing Commission's policy statement, the

20 defendant is required to present "extraordinary and compelling" circumstances, defined as

21 "suffering from a terminal illness," "a serious physical or medical condition," or "experiencing

22 deteriorating physical or mental health because of the aging process;" or prove that he is at least

23 65 years old, "experiencing a serious deterioration in physical or mental health because of the

24

aging process," and has served 10 years or three-quarters of his or her sentence.  USSG § 1B1.13 cmt. n.1.

Defendant's Motion satisfies all three elements of 18 U.S.C. § 3582(c)(1).

First, the parties agree that Defendant has exhausted the administrative review process.

Second, Defendant presents extraordinary and compelling circumstances justifying his release.  Defendant suffers from diabetes, hypertension, and obesity.  His most recent laboratory tests showed a spike in his blood glucose and A1C reading along with multiple abnormal results that raise additional concerns about his overall and organ health.  Since his transfer to FCI Sheridan there has been a lack of consistent medical monitoring of his diabetes putting his overall health at risk even without complications from COVID-19.  (Dkt. No. 332 at 3.)  Among his diabetes complications, he suffers from elevated blood pressure, a cataract, and diabetic retinopathy.  (Id. at 9.)  And his last two abnormal lab results included high creatinine levels, abnormal mineral and platelet counts, and high cholesterol.  (Id. at 10 (citing Dkt. No. 334).)  The CDC warns that individuals with type 2 diabetes face an increased risk of severe complications or death from COVID-19.  (Dkt. No. 332 at 10 (citing CDC, People with Certain Medical Conditions (available at https://www.cdc.gov/coronavirus/2019-ncov/people-with-medical-conditions.html#diabetes (last visited Jan. 19, 2021).)  This reality was previously recognized by this Court.  See United States v. Johnson, CR 13-166 MJP (W.D. Wash. Oct. 2, 2020) (Dkt. 41 at 3). ("The Center for Disease Control has identified Type 2 diabetes as the 'strongest and most consistent evidence' to increase the risk of servere illness or death from COVID-19.")

Defendant's high blood pressure and obesity are also recognized as medical conditions that increase his risk of serious COVID-19 complications.  (Dkt. No. 332 at 11 (citing

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions; Meredith Wadman, Why COVID-19 is more deadly in people with obesity – even if they're young, Science (Sep. 8, 2020), available at https://www.sciencemag.org/news/2020/09/why-covid-19-more-deadly-people-obesity-even-if-theyre-young (last visited Jan. 19, 2021)).)  Defendant's medical conditions, which appear to be worsening without appropriate treatment, justify the determination that extraordinary and compelling circumstances exist in this case.

Third, release of Defendant is consistent with the U.S. Sentencing Guidelines. The Court may reduce Defendant's sentence if it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG § 1B1.13. Defendant received a ten-year sentence for a non-violent drug offense that he engaged in at the urging of and with the intent of helping protect his brother and family.  Defendant's offense does not indicate danger to the community.  Additionally, the Court finds that Defendant's behavior while in prison has been exceptional.  He has had only two minor disciplinary infractions, and has completed several educational courses, studying typing, math, earth sciences, art, accordion, guitar, and sanitation technology. (Dkt. No. 332 at 12-13.)  He also participated in chess club. (Id. at 12.)

Upon release, Defendant plans to initially live in a halfway house to ensure stability while he obtains employment and enrolls in a training program to obtain his barber's license. (Id., Ex. D at 1.) He will have the support of his former partner, Sarah Fairchild, and her parents as he works to manage his health, sobriety, and financial obligations. (Id. at 1-2.)

Because Defendant has made great efforts to learn and develop while in prison, and has developed a thoughtful plan for successful release, the Court finds he does not pose a danger to the community.

Accordingly, the Court ORDERS:

(1) Defendant's term of imprisonment shall be reduced to time served and he shall be released 14 days from the date of this Order to accommodate a quarantine period with the Federal Bureau of Prisons. If Defendant tests COVID-19 positive at any time during this quarantine period, BOP will notify the government who will immediately notify the Court so the Order can be modified appropriately.

(2) Defendant shall reside in and satisfactorily participate in a residential reentry center program, as a condition of supervised release or probation for up to 180 days or until discharged by the Program Manager or U.S. Probation Officer. The defendant may be responsible for a 25% gross income subsistence fee;

(3) Supervised release shall commence immediately upon Defendant's release from custody, during which time Defendant shall be subject to the mandatory, standard, and special conditions of supervision set forth in the Judgment (Dkt. No. 266), as well as the conditions set forth in this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 20, 2021.

Marsha J. Pechman
United States Senior District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1) - 5